IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 16-120 |
| | ) | |
| DANIEL GARNER, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Defendant Daniel Garner's Motion to Suppress Evidence (Doc. 111), as supplemented (Doc. 169), will be denied.[1]

To obtain a Franks hearing, Garner "must establish (1) that a warrant application contained false statements made with reckless disregard for the truth and (2) that the remaining truthful statements, standing alone, do not establish probable cause." United States v. Desu, 23 F.4th 224, 234 (3d Cir. 2022) (citing Franks v. Delaware, 438 U.S. 154, 171–72 (1978)).  For the reasons stated by the Government in its Responses (Docs. 113 & 163), Garner has failed to satisfy either prong.

Initially, Garner's reliance on United States v. Glover, 755 F.3d 811, 820 (7th Cir. 2014), is misplaced.  There, the Court of Appeals for the Seventh Circuit held that "the complete omission of known, highly relevant, and damaging information about [the informant's] credibility—his criminal record, especially while serving as an informant; his gang activity; his prior use of aliases to deceive police; and his expectation of payment[,]" id. at 817, "undermined the issuing magistrate's ability to perform his role as a neutral arbiter of probable cause." Id. at

---

[1]  After a hearing, the Court ruled on various pretrial motions filed by Garner.  (Doc. 148.)  But given the Government's production of additional documents bearing on Garner's request for a Franks hearing, the Court afforded Garner an opportunity to supplement his suppression motion.

814.  But Glover involved "minimally corroborated" information provided by a single confidential informant.  *Id.* at 817.  In contrast, here the affidavit furnishes information from multiple sources—*i.e.*, pharmacies, an insurer, patients, recorded visits and undercover visits—which corroborated reasonable inferences drawn from each other source.  Therefore, Garner's contention that the fact of payment to confidential sources and/or their criminal histories is material to the magistrate judge's decision-making process is untenable.  *See* Glover, 755 F.3d at 818 (noting that if a detailed affidavit has been extensively corroborated, an informant's criminal background and financial motive is not necessarily essential to the probable cause determination).

To the extent Garner tries to establish reckless disregard for the truth either by pointing to evidence gleaned from patient files recovered pursuant to the underlying search warrant (Doc. 111 at 9–15), or based on information uncovered by defense counsel during a witness interview (*id.* at 16), the Court agrees with the Government that an affiant cannot be faulted for omitting information "not in the affiant's possession at the time the affidavit was sworn."  (Doc. 113 at 32.)  While Garner would have preferred additional verification prior to the execution of the affidavit (Doc. 128 at 8–9), that simply is not the standard.  *See* Franks, 438 U.S. at 171 ("Allegations of negligence or innocent mistake are insufficient.").  Similarly, given the ample factual basis for the magistrate judge to determine that probable cause existed, the affidavit's omission that Garner was not the source of the drugs that law enforcement agents purchased during a controlled buy (Doc. 160 at 8), is immaterial.

As to lack of money laundering/financial wrongdoing evidence (*id.* at 6), such omissions are neither material, nor relevant to the probable cause determination because money laundering is not an enumerated offense in this case.  Finally, Garner's assertion that the affidavit is

misleading because it creates an appearance that the two dentists interviewed by law enforcement opined on his prescribing practices (Doc. 111 at 20), is meritless. The affidavit does not create any such appearance.

For all of these reasons, Defendant's Motion to Suppress Evidence (Doc. 111), as supplemented (Doc. 169), is DENIED.[2]

IT IS SO ORDERED.

May 17, 2022

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Perceiving no infirmities with probable cause, the Court need not, and does not, reach the Government's alternative argument regarding the applicability of the good faith exception under United States v. Leon, 468 U.S. 897, 922–23 (1984).